NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOWNSHIP OF BLOOMFIELD BOARD OF EDUCATION, | : : : : | |
| Plaintiff, | : : | Civ. No. 04-3725 (DRD) |
| v. | : : | |
| S.C. o/b/o T.M.; STATE OF NEW JERSEY; DEPARTMENT OF EDUCATION FOR NEW JERSEY | : : : : | **O P I N I O N** |
| Defendants | : : | |

Mark A. Wenczel, Esq.
Anthony Frank Malanga, Jr., Esq.
GACCIONE, POMACO & MALANGA PC
524 Union Avenue
P.O. Box 96
Belleville, New Jersey 07109

   Attorneys for Plaintiff Township of Bloomfield Board of Education


Esther Canty-Barnes, Esq.
RUTGERS SPECIAL EDUCATION CLINIC CENTER FOR LAW AND JUSTICE
123 Washington Street
Newark, New Jersey 07102-3192

   Attorneys for Defendant S.C. o/b/o T.M.

**Debevoise, Senior District Judge**

On March 12, 2004, defendant, S.C., filed a petition for a due process hearing with the OSEP seeking issuance of an order from the Office of Administrative Law directing plaintiff, the Township of Bloomfield Board of Education ("Bloomfield"), to place T.M. in a residential

facility. After four days of hearings the ALJ on June 29, 2004, ordered Bloomfield to "provide a residential placement immediately and pay for the cost of tuition, room and board and all non-medical related services and costs." As a result of that order T.M. now resides at Kids Peace, a Pennsylvania residential facility.

Bloomfield appealed the ALJ's order to this court. On September 21, 2005 the court granted S.C.'s motion for summary judgment affirming the June 29, 2004 order of the ALJ. The Special Education Clinic at Rutgers University School of Law in Newark (the "Clinic") served as S.C.'s attorneys in this litigation. S.C. now moves for attorneys' fees and costs.

The background of this case is set forth in the court's opinion of September 21, 2005. Section 615(i)(3)(B)(1) and 20 U.S.C. 1415(i)(3)(b) of the IDEA, permits a parent of a disabled child who is a prevailing party in an action under the statute to recover an award of attorneys' fees. The award is discretionary. The attorneys' fees are "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Id.

Esther Canty-Barnes, Esq., has been a supervising attorney with the Clinic for five years. She supervises law students who work with her on pending cases in which she is counsel and represents parents of children with disabilities in special education matters. Ms. Canty-Barnes submitted an affidavit in which she described the tasks she performed in connection with this case for the period from December 12, 2003 to June 16, 2005. She expended 218.5 hours, but is reducing her request for compensation by 50% to 109.5 hours. Her usual and regular hourly rate is $185, which is well within the rates prevailing in the Newark area for the kind and quality of services rendered. Thus she seeks an award of $20,211.25 for her time.

Three law students worked on the case: Laura A. Cubberley spent 188.5 hours; Maurice Gonzalez spent 131.75 hours; Laurie C. Poppe spent 111 hours for a total of 431.25 hours. Ms. Canty-Barnes asserts that interns such as these are entitled to an hourly rate of $85, as charged by many Newark firms for such employees. She is discounting the fee sought on account of the students' services by 75%, thus claiming $9,163 for their time derived by multiplying 107.8 hours by $85. The total fee request is $29,374.25 plus $375 for the services of expert Dr. Ellen Fenster-Kuehl. The total request for fees and expenses is $29,749.25.

Bloomfield, while recognizing that attorneys' fees may be awarded to a prevailing party, notes that equitable considerations may justify denying a fee to successful parents. It urges that a number of equitable considerations exist in this case which militate against a fee award.

Bloomfield argues that S.C. unreasonably prolonged the obtaining of a residential placement by not consenting to cooperate with DYFS to that end. Negotiations with DYFS, however, were part of a series of discussions and attempts to arrive at a satisfactory solution to a most difficult situation that took place before the Clinic commenced representing S.C. Bloomfield points to the complex legal problem of whether residential placement sought by S.C. was necessitated solely by psychiatric needs that were not inextricably intertwined or arising out of educational needs. Resolution of that problem only added to the difficulty of the legal task the Clinic had to perform.

Bloomfield also refers to the question raised in this case whether the State should be held responsible for T.M.'s residential placement. That indeed was a serious question, resolved by a decision of the Court of Appeals during the course of this case. <u>Lawrence Township Board of Education v. New Jersey</u>, 417 F.3d 368 (3d Cir. 2005). The existence of that issue, however,

3

should not affect the Clinic's entitlement to attorneys' fees.

Finally, Bloomfield points to the fact that S.C. was represented by a public clinic and did not have to pay any legal fees.  Unless the defendant in an IDEA case is itself suffering financial hardship, this does not seem relevant to the question of entitlement of a prevailing party to an award of attorneys' fees.  The purposes of IDEA are furthered if parents can obtain representation.  Public legal services agencies are better able to provide such services if they receive the same kind of payment as private attorneys representing parents in IDEA cases.  The problem is not whether the Clinic should receive attorneys' fees; the problem is how a reasonable fee can be determined given the special circumstances that prevail when a clinic is part of a law school's educational process.

There can be no question that S.C. is the prevailing party.  She sought and obtained a residential placement for T.M. paid for by Bloomfield.

In the present case much of the time expended by Ms. Canty-Barnes and the three students arose out of the educational process and was not required for the litigation of the case. Ms. Canty-Barnes and each of the three students had to become familiar with the facts and the law involved at each stage of the proceedings before the ALJ and in this court.  There are numerous conferences which undoubtedly reflect orientation of the students.  Inevitably there would have been duplication of review of the voluminous record and research of the law.

The Clinic recognized this phenomenon, and it was undoubtedly for that reason Ms. Canty-Barnes cut the number of hours for which she seeks payment for her work in half and cut the number of hours for which she seeks payment on account of the students' work by 75%. There is no mathematical formula to determine whether this is the appropriate discount, but the

circumstances suggest that it was, if anything, a more than generous discount.

It is unlikely that a private attorney expert in this field could have performed comparable services, charging his or her regular rates, for the sum of $29,374.25.  The court has awarded attorneys' fees in a number of similar cases and is familiar with the range of fees that are reasonable.  Here services were performed during the period of December 12, 2003 to June 16, 2005.  They included preparing the due process complaint, interviewing lay witnesses and an expert witness, preparing for the due process hearing, participating in the due process hearing on four separate days, responding to Bloomfield's complaint in this court, preparing and defending the summary judgment motions, which involved complex legal and factual issues, and arguing the motions.  To have accomplished all that for legal expenses of $29,374.25 and an expert's fee of $375 is clearly reasonable.

For these reasons S.C.'s motion for attorneys' fees and payment for the services of an expert will be granted.  The court will file an appropriate order.


Dated: February 14, 2006

    **/s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE
U.S.S.D.J.